IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

NEWTON BEY,

       Plaintiff,

vs.                                    No. 07-2424-B/P

FEDERAL BUREAU OF PRISONS,
et al.,

       Defendants.

---

ORDER ASSESSING $350 CIVIL FILING FEE
ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
ON THE REMAINING DEFENDANTS

---

On June 12, 2007, Plaintiff Newton Bey, Bureau of Prisons ("BOP") inmate registration number 20976-076, an inmate at the Federal Prison Camp[1] in Millington, Tennessee ("FPC-Millington"), filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The Court issued an order on June 26, 2007 directing Plaintiff to comply with the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), or pay the $350 civil filing fee. Plaintiff filed the required

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

documents on July 5, 2007. The Clerk shall record the defendants as the BOP, FPC-Memphis Warden Bruce Pearson, Administrator Dion E. Franklund, Dr. Naimey, and Physicians Assistants Adkins, Gonzales, Ingram, and Conera.

I.   Assessment of Filing Fee

Under the PLRA, all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has properly completed and submitted an in forma pauperis affidavit bearing a certification by the trust fund officer. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's

2

account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his

3

change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Warden of the WCF warden to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II. Analysis of Plaintiff's Claims

Bey allegedly suffers from a neurological condition and had an MRI in 2003. He asserts his symptoms have become more severe, and he complains that the medical staff at his prison have refused to conduct another MRI. Plaintiff seeks monetary relief.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Portions of Plaintiff's complaint are subject to dismissal.

4

Plaintiff's <u>Bivens</u> claim against the BOP for money damages is barred by sovereign immunity. <u>FDIC v. Meyer</u>, 510 U.S. 471, 483-86 (1994); <u>see also</u> <u>Shaner v. United States</u>, 976 F.2d 990, 994 (6th Cir. 1992) (<u>Bivens</u> actions may not be brought against the United States). Sovereign immunity also bars <u>Bivens</u> actions against the United States or its agencies for declaratory and injunctive relief. <u>Wolverton v. United States</u>, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997) (per curiam); <u>United States v. Rural Elec. Convenience Coop. Co.</u>, 922 F.2d 429, 434 (7th Cir. 1991). Therefore, the Court DISMISSES the <u>Bivens</u> claim against the BOP, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), because it seeks monetary relief from a defendant who is immune from such relief. The BOP remains in the case, however, as to the FTCA claim.

The complaint contains no factual allegations about Defendants Pearson, Franklund, Adkins, Gonzales, Ingram, and Conera. When a plaintiff completely fails to allege any action by a defendant, it necessarily "appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985).

Moreover, Defendant Pearson cannot be held liable because of his position as Warden of FPC-Millington. There is no <u>respondeat superior</u> liability under § 1983. <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984). Instead,

5

> [t]here must be a showing that the supervisor encouraged
> the specific instance of misconduct or in some other way
> directly participated in it. At a minimum, a § 1983
> plaintiff must show that a supervisory official at least
> implicitly authorized, approved or knowingly acquiesced
> in the unconstitutional conduct of the offending
> subordinates.

Id. (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 727-28 (6th Cir. 1996). In this case, the complaint contains no allegations that the Warden "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates," Bellamy, 729 F.2d at 421, or that the allegedly unconstitutional conduct described in the complaint was the direct result of the failure of the Warden to perform a function he was legally obligated to perform, Doe v. Claiborne County, Tenn., 103 F.3d 495, 511-12 (6th Cir. 1996). The standard is not satisfied by allegations that a defendant mishandled a grievance or failed to investigate a complaint. Shehee, 199 F.3d at 300. Therefore, even if it were assumed that Defendant Naimey violated Plaintiff's rights under the Eighth Amendment, the Warden could not be personally liable to Plaintiff.

Finally, the FTCA provides for a cause of action against the United States for tort claims arising from the actions of

Government employees. There is no individual liability under the FTCA. <u>See</u> <u>Smith v. United States</u>, 507 U.S. 197, 215 & n.15 (1993) (Stevens, J., dissenting); <u>Greer v. United Staes</u>, 72 F. App'x 793, 795-96 (10th Cir. 2003).

The Court therefore DISMISSES the complaint, in its entirety, with respect to Defendants Pearson, Franklund, Adkins, Gonzales, Ingram, and Conera, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The Court also DISMISSES the FTCA claim with respect to Defendant Naimey, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

III. <u>Issuance of Process</u>

It is ORDERED that the Clerk shall issue process for the remaining defendants and deliver said process to the marshal for service. Service shall be made on the BOP pursuant to Fed. R. Civ. P. 4(i)(2)(A). Service shall be made on Defendant Naimey pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States. The service on Defendants shall include a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for each defendant or on any defendant that has no attorney. Plaintiff shall

make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.

Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this 20th day of July, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE