IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

NEWTON BEY,

    Plaintiff,

vs.                      No. 07-2424-B/P

FEDERAL BUREAU OF PRISONS,
et al.,

    Defendants.

ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

On June 12, 2007, Plaintiff Newton Bey, Bureau of Prisons ("BOP") inmate registration number 20976-076, who was, at the time, an inmate at the Federal Prison Camp in Millington, Tennessee ("FPC-Millington"), filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. (Docket Entry ("D.E.") 1.) In response to an order issued on June 26, 2007 (D.E. 2), Plaintiff filed the documents required by the Prison Litigation Reform Act of 1996, 28 U.S.C. §§ 1915(a)-(b), on July 5, 2007 (D.E. 4). The Court issued an order on July 20, 2007 that, inter alia, assessed the civil filing fee, dismissed certain claims and parties pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii) and 1915A(b)(1) & (2), and directed the Clerk to issue process for, and

the marshal to effect service on the remaining defendants. (D.E. 5.)

On October 12, 2007, before any defendant had responded to the complaint, Plaintiff filed a motion, entitled "Motion for Immediate Medical Attention and Request for Injunctive Relief." (D.E. 15.) Defendants filed a response in opposition to the motion on October 23, 2007 (D.E. 16), and Defendants filed a reply on October 29, 2007 (D.E. 17.)

According to the BOP website, Bey was released on March 14, 2008. On March 11, 2008, Plaintiff notified the Clerk of his new address. (D.E. 29.)

"In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). In this case, Plaintiff seeks injunctive relief in the form of an order directing Defendants to perform an immediate medical evaluation. As Plaintiff is no longer in the custody of the BOP, injunctive relief is no longer available. Moore v. Curtis, 68 F. App'x 561, 562 (6th Cir. 2003); Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); Peck v. Mortimer, 650 F.2d 929, 930 (8th Cir. 1981); see Forbes v. Trigg, 976 F.2d 308, 312 (7th Cir. 1992) (dismissing as moot habeas petition because petitioner had been released from segregation); Thompson v. Smith, 719 F.2d 938, 940-41

(8th Cir. 1983) (dismissing as moot habeas petition alleging harassment because petitioner was transferred to another prison).

Therefore, Plaintiff's motion for injunctive relief is DENIED as moot.

IT IS SO ORDERED this 15th day of May, 2008.

                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE