IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                          |   |                      |
|--------------------------|---|----------------------|
| NEWTON BEY,              | § |                      |
|                          | § |                      |
|    Plaintiff, | § |                  |
|                          | § |                      |
| vs.                      | § | No. 07-2424-STA-tmp  |
|                          | § |                      |
| FEDERAL BUREAU OF PRISONS, | § |                    |
| et al.,                  | § |                      |
|                          | § |                      |
|    Defendants. | § |                 |
|                          | § |                      |

ORDER GRANTING MOTION TO DISMISS FILED BY THE UNITED STATES

On June 12, 2007, Plaintiff Newton Bey, Bureau of Prisons ("BOP") inmate registration number 20976-076, who was, at the time, an inmate at the Federal Prison Camp in Millington, Tennessee, filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. (Docket Entry ("D.E.") 1.) In response to an order issued on June 26, 2007 (D.E. 2), Plaintiff filed the documents required by the Prison Litigation Reform Act of 1996, 28 U.S.C. §§ 1915(a)-(b), on July 5, 2007 (D.E. 4). United States District Judge J. Daniel Breen issued an order on July 20, 2007 that, inter alia, assessed the civil filing fee, dismissed certain claims and parties pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (iii) and 1915A(b)(1) & (2), and directed the

Clerk to issue process for, and the marshal to effect service on the remaining defendants. (D.E. 5.) The only claims remaining in this action are an FTCA claim against the BOP and a Bivens claim against Dr. Nahem A. Naimey. The case was transferred to this judge on May 21, 2008. (D.E. 32.)

On November 20, 2007, the United States filed a motion to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)(1), due to Plaintiff's failure to exhaust his administrative remedies. (D.E. 20.) Plaintiff filed a response in opposition to the motion on December 4, 2007. (D.E. 22.) The United States filed a supplemental memorandum in further support of its motion on December 6, 2007 (D.E. 23), and Plaintiff filed a response to that memorandum on January 7, 2008 (D.E. 24).

Because the motion filed by the United States was brought pursuant to Fed. R. Civ. P. 12(b)(1), rather than Fed. R. Civ. P. 12(b)(6), it is first necessary to consider whether failure to exhaust a claim under the FTCA deprives a district court of subject-matter jurisdiction. "'[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)) (emphasis added). In this case, the relevant

jurisdictional provision is 28 U.S.C. § 1346(b)(1), which provides that,

> [s]ubject to the provisions of chapter 171 of this title, the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Chapter 171 of Title 28 is entitled "Tort Claims Procedure," and it includes an exhaustion requirement. 28 U.S.C. § 2675(a).

The United States asserts that exhaustion is a jurisdictional prerequisite that cannot be waived. (D.E. 20-2 at 4.) The Supreme Court cases cited by the Government do not explicitly address whether the exhaustion requirement is jurisdictional or a condition precedent to suit. McNeil v. United States, 508 U.S. 106 (1993), did not mention subject-matter jurisdiction but, instead, affirmed the dismissal of an FTCA complaint as premature where it was filed before the agency rejected the claim. In United States v. Kubrick, 444 U.S. 111 (1979), an earlier case construing the FTCA statute of limitations, the Supreme Court stated:

> We should also have in mind that the Act waives the sovereign immunity of the United States and that in construing the statute of limitations, we should not take it upon ourselves to extend the waiver beyond that which Congress intended. . . . Neither, however, should we

assume the authority to narrow the waiver that Congress intended.

Id. at 117-18 (citations omitted). Apart from the language quoted above, which is dicta, the Supreme Court did not address sovereign immunity or subject-matter jurisdiction. The decision in Kubrick also does not address whether the Government can waive exhaustion or the statute of limitations.

The Sixth Circuit has interpreted the FTCA's exhaustion requirement as relevant to subject-matter jurisdiction:

> To bring a tort action against the government, the plaintiff must first establish that the government has waived sovereign immunity. See Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir. 1991) (per curiam) (citations omitted). The government has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted his administrative remedies. 28 U.S.C. § 2675(a); Lundstrum, 954 F.2d at 1145 ("A prerequisite to suit under the FTCA, . . . is the exhaustion by the plaintiff of administrative remedies.").

Blakely v. United States, 276 F.3d 853, 864 (6th Cir. 2002); see also Joelson v. United States, 86 F.3d 1413, 1422 (6th Cir. 1996) ("Because Joelson does not allege that he has filed an administrative claim, he has not satisfied the jurisdictional prerequisite to obtaining review under the Federal Tort Claims Act."); Goosby v. United States, 545 F. Supp.2d 725, 733-34 (W.D. Tenn. 2008); Peng v. Chertoff, No. 2:07-cv-091, 2007 WL 2029062, at *3 (S.D. Ohio July 10, 1007).[1] These holdings are consistent with

---

[1] Other Circuit Courts of Appeals have reached the same conclusion. See, e.g., Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir.
(continued...)

28 U.S.C. § 1346(b)(1), which appears to make compliance with the tort claims procedures a requirement for the exercise of subject-matter jurisdiction.[2]

The procedure for exhausting an FTCA claim is as follows:

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .
>
> (b) Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the

---

[1] (...continued)
2008); Alvarado v. Table Mountain Rancheria, 509 F.3d 1008, 1018-19 (9th Cir. 2007); Acosta v. U.S. Marshals Serv., 445 F.3d 509, 513 (1st Cir. 2006) (the FTCA exhaustion requirement "has been viewed as a non-waivable jurisdictional requirement' limiting the suit to claims fairly made to the agency"; Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997) ("This court and the other courts of appeals have treated the FTCA's requirement of filing an administrative compliant with the appropriate agency prior to instituting an action as jurisdictional.").

[2] In Jones v. Bock, 127 S. Ct. 910, 919 (2007), the Supreme Court has held that the exhaustion requirement in 42 U.S.C. § 1997e(a) is an affirmative defense. The Sixth Circuit has construed Jones to mean that failure to exhaust a claim under 42 U.S.C. § 1983 or Bivens is a condition precedent to suit, not a jurisdictional defect. Owens v. Keeling, 461 F.3d 763, 768 (6th Cir. 2006). Several district courts have concluded that Jones has no bearing on whether exhaustion under the FTCA is jurisdictional. Dasta v. Shearin, No. 04-4475 (MJD/RLE, 2007 WL 4952768, at *17 (D. Minn. Nov. 15, 2007) ("It is unclear if the heightened pleading standard . . . under the FTCA . . . has survived the Supreme Court's holding in Jones v. Bock. Nonetheless, even if an FTCA plaintiff need not affirmatively plead exhaustion, it remains clear that an FTCA action may be dismissed, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for want of subject matter jurisdiction, based upon a failure to exhaust administrative remedies."); Howard v. Taggart, No. 4:05 CV 1114, 2007 WL 2840369, at *4 n.2 (N.D. Ohio Sept. 27, 2007).

> increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon presenting allegations and proof of intervening facts, relating to the amount of the claim.

"[T]he requirements of § 2675 are met 'if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'" Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981) (citation omitted); see also Blakely, 276 F.3d at 865 ("In order for a claim to be complete, it must include a claim for damages in a sum certain.").

In his complaint, Plaintiff asserts that he complied with 28 U.S.C. § 2675, but the only documents submitted, establishing proper exhaustion of his Bivens claim, do not seek a sum certain. (D.E. 1 at 3, 8-14.) In his response to the motion to dismiss, Plaintiff submitted his own affidavit in which he represented that he had submitted, on December 28, 2006, "a copy of [his] complaint which was pursuant to 28 U.S.C. § 2675, which contained the sum certain to the Attorney General of the United States, and thereafter one copy to the Warden, and Bureau of Prison [sic]." (D.E. 22 at 8.)[3] Plaintiff has also submitted the "complaint"

---

[3] The affidavit does not state that it is executed under penalty of perjury, but it does state that Plaintiff "swear [sic] pursuant to 28 U.S.C. § 1746, that the following information is true and correct." The Court will assume, for purposes of this motion, that Plaintiff's affidavit substantially complies with 28 U.S.C. § 1746.

6

referred to in his affidavit, which stated that it was "pursuant to 28 U.S.C., 2675" (id. at 9), and included the following demand:

> Complainant is requesting the following amount of damages for the 8th Amendment violation that has occurred from the medical staff's negligent conduct as stated in throughout this complaint. The amounts requested are as follows: Dr. Namey for $2,000,000.00, Medical Staff Administrator, Franklin, $1,000,000.00, P.A. Adkins, $1,000,000.00, P.A. Ingrams, $1,000,000.00, P.A. Gonzales, $1,000,000.00, and P.A. Conera, $1,000,000.00. (See the attached Administrative Remedies on all the above.)

(Id. at 11-12.)

In its reply, the United States makes several arguments why Plaintiff's "complaint" is deficient, one of which is decisive. (D.E. 21.)[4] Plaintiff has not established that the BOP finally denied his claim in writing or that the BOP failed to make final disposition of his claim within six months after it was filed. This lawsuit, which was filed on June 12, 2007, is premature because it was filed less than six months after the date of the December 28, 2006 "complaint." McNeil, 508 U.S. at 110-11. A district court is required to dismiss an FTCA action filed before exhaustion is complete even where the administrative process concludes before substantial progress has taken place in the litigation. Id. at 111-13.

---

[4] The Government also argues that Plaintiff's complaint asks for a sum certain from several Bivens defendants, not tort damages against the United States. (Id. at 2.) Although Plaintiff's "complaint" refers to the Eighth Amendment and the deliberate indifference standard, it also refers to compliance with 28 U.S.C. § 2675. The "complaint" appears to be sufficient to give the United States notice of his tort claim and to enable it to investigate.

This case is controlled by the Supreme Court's decision in McNeil. Plaintiff filed his lawsuit before the BOP had finally denied his claim and before the claim had been pending without decision for six months. Although the six-month waiting period expired approximately two weeks after Plaintiff's complaint was docketed, the plain language of 28 U.S.C. § 2675(a), and the decision in McNeil, preclude the Court from concluding that Plaintiff has cured the jurisdictional defect that existed when the suit was commenced. The Court GRANTS the motion by the United States to dismiss the complaint against it, pursuant to Fed. R. Civ. P. 12(b)(1), for want of subject-matter jurisdiction.

This order does not affect Plaintiff's Bivens claim against Dr. Naimey.

IT IS SO ORDERED this 22nd day of September, 2008.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE